### FRIEDE v. WEISSENTHANNER.

(City Court of New York, General Term. March 6, 1899.)

ATTACHMENT—VACATION—APPEAL.
> Where the testimony indicates that a judgment in favor of defendant would be again rendered in case of a reversal on appeal, an attachment issued against him should not be continued pending the appeal.

Appeal from special term.

Attachment by Marcus Sergey Friede against Achille Weissenthanner. Judgment for defendant on a counterclaim. From a denial of his motion to vacate an attachment pending an appeal by plaintiff, defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN and SCHUCHMAN, JJ.

Ira Leo Bamberger, for appellant.
Benjamin Tuska, for respondent.

CONLAN, J. This is an appeal from an order of the special term denying a motion to vacate an attachment against the defendant after a judgment upon a counterclaim in defendant's favor, after a trial of all the issues before a jury. The plaintiff alleges a cause of action growing out of a contract of employment for a period of two years, between April 1, 1895, and March 31, 1897. It appears that the plaintiff was discharged from defendant's employ on the 23d day of December, 1895, and brought his action on the 24th day of December, the day following, and alleged in the complaint that there was due him $90 for salary unpaid for three weeks at the date of his discharge, and then set up as damages the amount of the salary he might have become entitled to if he had been permitted to remain in the defendant's employ until the contract should terminate by its limitation, on March 31, 1897. His compensation was to be at the rate of $30 per week. The defendant claims to have discharged him because of his violation of the existing contract. The defendant also pleaded a counterclaim.

Upon the trial the plaintiff conceded there was only due him for arrears of salary the sum of $30, instead of $90, as charged. All of the issues appear to have been submitted to the jury, including the one of the discharge for cause, and this submission resulted in a verdict in favor of the defendant in the sum of $901.07. An appeal was taken by plaintiff from this judgment to the general term of this court, and is now pending; and it was urged that because of an undertaking on. appeal, given as prescribed by the Code of Civil Procedure, that the attachment should not be disturbed, but should be allowed to stand, because of the possibility of the reversal of the judgment appealed from and of a recovery in plaintiff's.favor on a retrial of the action. While we are unprepared to say what will be the real outcome of the plaintiff's appeal from the judgment, we are of the opinion that enough was not alleged in the first instance, in the affidavit upon which the attachment was originally granted, to predicate a cause of action for anything more than the sum of $121.25, being the amount of salary alleged to be due and for money claimed to have been expended. The former sum the plaintiff on the trial conceded to be an overcharge by $60, while the jury disposes of his entire case, after hearing all the evidence, by saying, in substance, to the plaintiff: "The defendant owes you nothing, and you are in his debt to the amount of $759." We do not see why the attachment should be allowed to stand for the amount claimed, where it is inconceivable how the plaintiff can expect or hope to reach any different result, even if he had been permitted a retrial of the action; for certainly he cannot change the current and force of the testimony adduced upon the last trial. The judgment, it is true, is not before us for review, but we have the record made for the purpose of this appeal, and it seems but an exercise of justice to the defendant that he should be relieved of the damaging effect which necessarily results from the levy of an attachment; and we are therefore of the opinion, for the reasons stated, that the order appealed from should be reversed, with costs, and the attachment, and all proceedings thereunder, be vacated and set aside. All concur.